WILLIAM KOVACH, PETITIONER-RESPONDENT, v. GENERAL MOTORS CORPORATION, NEW DEPARTURE HYATT BEARINGS DIVISION, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 14, 1978—Decided March 6, 1978.

Before Judges Allcorn, Morgan and Horn.

*Mr. David B. Greenfield* argued the cause for appellant (*Messrs. Carpenter, Bennett & Morrissey,* attorneys; *Mr. Arthur M. Lizza,* of counsel).

*Ms. Marianne Nelson* argued the cause for respondent (*Messrs. Ball, Hayden, Kiernan, Livingston & Nelson,* attorneys).

The opinion of the court was delivered by

HORN, J. A. D. Respondent General Motors Corporation, employer of petitioner William Kovach, appeals a judgment of the Workers' Compensation Division awarding Kovach compensation for total and permanent disability. Kovach had filed two petitions for compensation. One of the petitions sought compensation for a bronchial disability which allegedly constituted an occupational disease (*N. J. S. A.* 34:15–30) arising out of and in the course of his employment with respondent. The other petition sought compensation for the effects of a myocardial infarction which allegedly occurred on December 23, 1975 while petitioner was at work, and a stroke (apoplexy) which followed 16 days later. Both petitions were consolidated for hearing. The award of compensation for total and permanent disability was predicated upon the compensation judge's findings of partial total disability of 30% from the residuals of the myocardial infarction, 25% from the residuals of the stroke, 10% neuropsychiatric from anxiety neurosis and $7\frac{1}{2}$% from chronic bronchitis. The judge applied the odd lot doctrine, based on Kovach's age, educational limits and vocational training, and determined that although the partial total disability aggregated $72\frac{1}{2}$%, nevertheless he was totally disabled as a physiological industrial unit. *Germain v. Cool-Rite Corp.*, 70 *N. J.* 1, 355 *A.* 2d 642 (1976); *Zanchi v. S & K Construction Co.*, 124 *N. J. Super.* 405, 307 *A.* 2d 138 (Cty. Ct. 1971), aff'd o. b. 63 *N. J.* 331, 307 *A.* 2d 561 (1973).

Respondent contends in this appeal that the judgment was erroneous and should be reversed for two reasons, namely: (1) Kovach failed to establish a causal connection between his work effort and his heart attack, and (2) the compensation judge applied the odd lot doctrine without affording respondent an opportunity to introduce evidence of Kovach's employability. Respondent does not assail the judge's determination of disability from the bronchial impairment.

As to the first contention, respondent relies primarily upon *Dwyer v. Ford Motor Co.*, 36 *N. J.* 487, 178 *A.* 2d 161 (1962); *Aladits v. Simmons Co.*, 47 *N. J.* 115, 219 *A.* 2d 517 (1966), and *Baginsky v. American Smelting and Refining Co.*, 88 *N. J. Super.* 69, 210 *A.* 2d 782 (App. Div. 1965), certif. den. 45 *N. J.* 588 (1965). Specifically, respondent asserts, in reliance upon these cases, that the opinion of Kovach's medical expert, Dr. Sidney Friedman, was conclusionary and therefore furnished an inadequate foundation for the finding that the cardiac-and cerebral episode disabilities arose out of and in the course of Kovach's employment. We disagree.

In Dwyer the court stated that the "claimant has the burden of showing by a preponderance of the believable evidence that the ordinary work effort or strain in reasonable probability contributed in some material degree to the precipitation, aggravation or acceleration of the existing heart disease * * *." 36 *N. J.* at 493. The court also stated:

* * * The facts of the situation under examination in their totality must demonstrate causality by the greater weight of the credible evidence. In this area the reasons for the assertion are more important than the assertion itself. *Stanley Co. of America v. Hercules Powder Co.*, 29 *N. J. Super.* 545, 562 (App. Div. 1954); reversed on other grounds 16 *N. J.* 295 (1954). Explanation of the physiological reactions of the diseased or ailing heart to the work strain in terms of sole or contributory cause and effect must generally be regarded as indispensable. The facts and circumstances surrounding the work effort and the heart attack, the medical opinion as to connection between the two, and the explanation of the connection from a medical viewpoint must coalesce in support of a finding by the greater weight of the evidence that the effort was at least contributorily responsible in some material way for the attack. [at 494-495]

It must be kept in mind that judges of compensation are regarded as experts. *Goldklang v. Metropolitan Life Ins. Co.*,

130 *N. J. Super.* 307, 311 (App. Div. 1974), aff'd o. b. 66 *N. J.* 7 (1974). We do not read *Dwyer* as suggesting that a statement of full reasons is a *sine qua non* in every case. Each case must be decided according to its own facts. The reasons given by an expert witness may be the deciding factor in a close case. The omission of sufficient reasons for his opinion may support the judge's finding that a claimant has failed to establish by the greater weight of the evidence that the effort "was at least contributorily responsible in some material way for the [heart] attack." In *Stanley Co. of America v. Hercules Powder Co., supra* in the quotation from *Dwyer,* the court agreed that the trial judge erred in refusing to permit an expert to express his reasons for his opinion. Neither that court nor the Supreme Court on review went any further on this point than to say that the expert's reasons

* * * would have been helpful to the triers of the facts in evaluation of that opinion. The plaintiff's case depending upon the probabilities of damage to the specific structure by virtue of the specific explosions, there being no direct proof of casual connection, the strength of opinion testimony was vital. The circumstances called for the application of the principle that evidence may be introduced "* * * circumstantially in explanation of the process by which the witness arrived at his opinion. * * *" *Delaware, L. & W. R. Co. v. City of Hoboken,* 10 *N. J.* 418, 434 (1952). It has been said that, generally:

"The party offering a witness may desire to make plain the strength of the witness' grounds of knowledge and the reasons for trusting his belief. This is a legitimate purpose. * * * the general rule is that the witness *may* on direct examination state the particular circumstances which legitimately affected his knowledge. * * *" 2 *Wigmore on Evidence* (3rd ed. 1940), *sec.* 655, *pp.* 759–760.

Specifically on the question here involved,

"An expert witness, like any other witness, may be asked on the direct examination, or may be required, to state the *grounds of his*

*opinion, i. e.* the general data which form the basis of his judgment upon the specific data observed by him. \* \* \*" *Id., sec.* 562, *p.* 644. [16 *N. J.* at 310]

On review of the judge's determination we are restricted to a determination of " 'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering 'the proofs as a whole,' with due regard to the opportunity of the one who heard the witnesses to judge of their credibility. [*State v. Johnson*] 42 *N. J.* [146] at *p.* 162, 199 *A.* 2d [809] at 817 \* \* \*" *Close v. Kordulak,* 44 *N. J.* 589, 599, 210 *A.* 2d 753, 758 (1965). See also, *Goldklang v. Metropolitan Life, supra.*

In the instant case both Dr. Friedman and Dr. Jack S. York, respondent's medical expert, agreed that exertion or stress could aggravate preexisting arteriosclerosis disease so as to cause an infarction. Their views diverged only as to the relationship of the work effort to the ensuing infarction. Dr. Friedman testified that on the hypothesis tendered to him the work effort caused the infarction and ensuing stroke. Dr. York testified that on the hypothesis tendered to him the infarction resulted from a natural progression of the preexisting arteriosclerotic condition because the work that Kovach performed on the morning in question was *"de minimis"* in nature. But Dr. York's opinion was not premised on the same hypothetical statement advanced to Dr. Friedman. Dr. Friedman expressed his opinion on a statement of facts founded on Kovachs testimony, which included stress and effort for over an hour and pressure of completing the work before 1 P.M. on December 23, 1975. By contrast, Dr. York expressed his opinion on a statement of facts tendered by respondent's attorney, which. if believed, indicated that Kovach may have worked about ten minutes before he requested a pass to go home because he did not "feel good." The hypothesis furnished to Dr. York

was founded upon the testimony of respondent's foreman. The foreman's version, however, was expressly rejected by the judge. Kovach's version was expressly accepted. It is noteworthy here that no objection to the opinion expressed by Dr. Friedman was made to the judge by respondent because of the doctor's failure to supply sufficient reasons for his opinion. No motion was made to strike the opinion for that reason. Nor did respondent cross-examine the doctor as to his reasons for his opinion. In fact, respondent never questioned the adequacy of Dr. Friedman's testimony until it appealed. Had it done so at the hearing it is entirely possible that Dr. Friedman might have furnished the testimony the absence of which respondent now claims is crucial to Kovach's right to recover. Under all the circumstances of this case we are satisfied that the causal connection between Kovach's work effort and his disability was sufficiently proved and met the *Close v. Kordulak* test. *Cf. Johnson v. Walter Kidde Constructors, Inc.,* 72 *N. J. Super.* 548, 179 *A.* 2d 25 (App. Div. 1962).

We agree with respondent's second contention — that the compensation judge applied the odd lot doctrine without affording respondent an opportunity to respond to Kovach's proofs. The odd lot doctrine is applied where the handicaps personal to the worker over and above the limitations on work capacity directly produced by his accidental injury render the worker unemployable on a regular basis in a reasonably stable market. In such circumstances the worker is considered totally disabled. *Germain v. Cool Rite Corp.,* *supra* 70 *N. J.* at 9, 355 *A.* 2d 642. In the instant case, until the judge announced his findings at the conclusion of the submission of testimony of both sides, there was no indication that the odd lot doctrine was involved. Neither of the petitions filed by Kovach referred to the doctrine. We have not been furnished with a pretrial memorandum, if there was one. We assume that if a pre-

trial memorandum noted this contention we would have been told of it. In *Germain, supra* at 10, 355 *A.* 2d 642, at 6 the court stated that "[t]he pretrial memorandum should specify that issue so that respondent can be prepared to meet it." There was no statement made during the hearing in reference to the doctrine. See *John Bradley, Jr. v. Henry Townsend Moving & Storage Co.,* —— *N. J. Super.* ——, slip opinion, pps. 7–8 (App. Div. 1978).

Kovach contends that respondent was aware of the doctrine's applicability because Dr. Friedman stated that Kovach was totally disabled "as a physiological and industrial unit." However, this testimony was given in reference to and in the context of the effects of the coronary infarct and the stroke, not as to the odd-lot doctrine. In fact, except for the odd lot doctrine the compensation judge found partial permanent disability of 65%, exclusive of the bronchial disability.

■■ It is fundamental that a party be given adequate notice of the issues that he is called upon to meet in any civil or criminal proceeding. He should not be compelled to speculate as to issues. The failure to give respondent adequate notice requires that we afford it the opportunity lost to it at the hearing. We are aware of the fact that *Germain, supra,* was decided after the hearing in the instant case. But the opportunity of a party to be heard on issues is so momentous that we do not consider the requirement as to notice stated in *Germain* to be novel.

Accordingly, we affirm that portion of the judgment awarding compensation on the basis of 72-1/2% of partial permanent disability. We vacate that portion of the judgment awarding compensation for total permanent disability on the basis of the odd-lot doctrine. We remand the cause to the Workers' Compensation Division for the purpose of affording respondent an opportunity to present such proofs

as may be appropriate to resist the application of the odd lot doctrine, with a concomitant opportunity to Kovach to present rebuttal evidence, following which the judge shall make new findings as to the applicability of the doctrine on the basis of the entire record. We do not retain jurisdiction. No costs.